UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSCOE GATEWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-622-R |
| | ) |
| TEKTON RESEARCH, LLC, and | ) |
| MINDY SEIDEL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant Tekton Research, LLC's Motion for Partial Dismissal for Failure to State a Claim [Doc. No. 3]. Plaintiff has not responded to the motion within the time limits prescribed by the Court's Local Civil Rules and the motion could therefore be deemed confessed. *See* LCvR 7.1(g) ("Any motion that is not opposed within 21 days may, in the discretion of the court, be deemed confessed."). The Tenth Circuit has, however, determined that it would be improper for a district court to "grant a motion to dismiss for failure to state a claim merely because a party failed to file a response." *Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003). The Court therefore considers the merits of the motion.

In this diversity action, Plaintiff alleges that while he was a patient in a clinical study administered by Tekton Research, its employee, Mindy Seidel, repeatedly sexually assaulted Plaintiff and utilized her access to Plaintiff's medical records to obtain his phone number and address. Plaintiff alleges that the assaults occurred from approximately

1

November 2022 through May 9, 2023,[1] he submitted fifteen internal reports during this period, other nurses and employees observed at least some of the inappropriate behavior, and yet Tekton Research made no effort to investigate the situation until after he departed from the study. Tekton Research's investigation purportedly revealed several other victims with similar complaints. Plaintiff asserts claims against Tekton Research for negligence based on its vicarious liability for the acts of its Ms. Seidel and for the negligent hiring, training, retention and supervision of Ms. Siedel.

Tekton Research moves to partially dismiss these claims, contending that Plaintiff's allegations establish that the bulk of the events are barred by the statute of limitations.[2] In Oklahoma, the statute of limitations for a claim of negligence is two years. Okla. Stat. tit. 12, § 95(3). The "cause of action accrues when the injury occurs" or, put another way, "when the litigant first could have maintained an action to successful conclusion." *Calvert v. Swinford*, 382 P.3d 1028, 1033, n.1 (Okla. 2016).

Plaintiff alleges that he was assaulted from November 2022 through May 19, 2023 and Tekton Research was aware of its employee's wrongful actions. However, he did not initiate this action until May 9, 2025, over two years after much of the alleged conduct took

---

[1] As Tekton notes, Plaintiff's pleading contains several contradictory assertions regarding when the alleged conduct occurred. For purposes of resolving this motion, the Court accepts as true Plaintiff's allegation that "the final physical assault took place on or about May 19, 2023" and he departed the program "in May of 2023 after filing numerous complaints regarding [the] misconduct." Pet. [Doc. No. 1-1] ¶¶ 17, 23.

[2] "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks and brackets omitted).

place, and he has not identified any basis for tolling the statute of limitations. Accordingly, Plaintiff's claims based on events occurring prior to May 9, 2023 are barred by the two-year statute of limitations. *See Lovelace v. Keohane*, 831 P.2d 624, 628 (Okla. 1992) (noting that a negligence claim brought by a plaintiff alleging multiple instances of sexual assault accrued when the injury occurred because "at the end of each alleged sexual encounter with [the defendant], [the plaintiff], then an adult person, was allegedly harmed, and thus she had a mature and vested cause of action resulting from each of [the defendant's] negligent acts"); *Thompson v. Indep. Sch. Dist. No. I-1 of Stephens Cnty., Okla.*, No. CIV-12-13-M, 2013 WL 1915063, at *3, n.5 (W.D. Okla. May 8, 2013) (declining to apply continuing violations doctrine to toll limitations period for claim of negligence arising from sexual assault and harassment).

As set out above, Defendant Tekton Research, LLC's Motion for Partial Dismissal for Failure to State a Claim [Doc. No. 3] is GRANTED. Plaintiff's claims based on events occurring prior to May 9, 2023 are dismissed without prejudice.

IT IS SO ORDERED this 10th day of July, 2025.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE