UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSCOE GATEWOOD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-25-622-R |
| | ) |
| TEKTON RESEARCH, LLC, and | ) |
| MINDY SEIDEL, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Plaintiff's "Motion to Vacate or for Relief from Defendant, Tekton's, Order of Partial Dismissal Pursuant to Fed. R. Civ. P. 60(b)(1), 60(b)(1)(B), and 54(b)" [Doc. No. 10]. Defendant Tekton responded in opposition [Doc. No. 11] and the matter is now at issue.

After removing this case, Tekton filed a Partial Motion to Dismiss [Doc. No. 3], to which Plaintiff failed to respond. Tekton's motion argued that any claims premised on events occurring prior to May 9, 2023 were barred by the two-year of statute of limitations. The Court found Tekton's argument well-taken, granted the motion, and dismissed without prejudice the claims premised on events occurring prior to May 9, 2023. The Court also noted that although Tekton's motion could be deemed confessed pursuant to this Court's Local Civil Rules, it would consider the arguments on the merits. *See Issa v. Comp USA*, 354 F.3d 1174, 1177 (10th Cir. 2003).

Plaintiff now seeks to vacate the Court's order partially dismissing Plaintiff's claims as time barred. In her motion, Plaintiff's counsel represents that the parties agreed to extend

1

all pending deadlines to facilitate settlement but Plaintiff's counsel "inadvertently" failed to file a joint motion seeking the extension. The motion also suggests that granting Plaintiff an opportunity to respond to Tekton's partial motion to dismiss will address some of the factual deficiencies in the Petition and that her failure to request an extension was excusable neglect. She alternatively requests leave to file an amended complaint "upon discovery production."

Although Plaintiff cites Rule 60, her request is more appropriately considered as a motion to reconsider an interlocutory order pursuant to Rule 54(b). *See Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). (quoting Fed. R. Civ. P. 54(b)). "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). Reconsideration "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law," but "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citations omitted).

Here, Plaintiff does not identify any intervening change in the controlling law or previously unavailable evidence, but appears to be suggesting there is a need to prevent manifest injustice because the Court's ruling in favor of Tekton "was indirectly due to the lack of response that would address factual inconsistencies." However, noticeably absent from Plaintiff's motion is any coherent argument as to how the Court's application of the statute of limitations was incorrect or what additional factual allegations could be asserted

that would cure the limitations issues. Although Plaintiff suggests that discrepancies with the dates alleged in his Petition could be cured through discovery, the discovery process is not generally an appropriate vehicle to correct a plaintiff's pleading deficiencies. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 559 (2007) ("It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process[.]"); *Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("Discovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim."). Moreover, the claims were dismissed as time-barred because Plaintiff's own factual allegations made clear that at least some of the conduct occurred outside of the limitations period. Plaintiff does not adequately explain how discovery could cure this issue.

Plaintiff also suggests that the Court should vacate its order because Plaintiff's failure to file a response was the result of excusable neglect. In support of this argument, Plaintiff relies on the parties' agreement to extend the briefing deadline, counsel's transition to a new law firm, and other extenuating "personal and private matters."

"Courts may allow untimely filings 'if the party failed to act because of excusable neglect.'" *Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017) (quoting Fed. R. Civ. P. 6(b)(1)(B)); *see also* Fed. R. Civ. P. 60(b)(1) (providing that the court may relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect"). "Although inadvertence, ignorance of the rules, or mistakes construing the rules" do not usually meet this standard, excusable neglect "is a somewhat elastic concept and is not

3

limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (internal quotation marks omitted). To determine whether excusable neglect exists, courts must consider all the relevant circumstances, including the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Perez*, 847 F.3d at 1253. Notably, "[d]ocketing errors generally do not constitute excusable neglect." *Doe v. Lyft, Inc.*, No. CIV-22-00574-JD, 2022 WL 22805787, at *1 (W.D. Okla. Sept. 7, 2022).

In this case, the factors cut both ways. On one hand, Plaintiff's counsel has offered a reasonable explanation for the error, she acted quickly to correct the error, there are no facts suggesting that Plaintiff or his counsel are acting in bad faith, and the prejudice to Tekton is minimal given that the claims were dismissed without prejudice. On the other hand, Plaintiff's lack of diligence has needlessly generated additional work for opposing counsel and the Court and the counsel's error appears to have been entirely within her own control. On balance, and keeping in mind that this case is at an early stage, the Court is satisfied that counsel's failure to file a timely response brief was the result of excusable neglect.

However, because Plaintiff has not provided an adequate argument in support of reconsideration and the claims were dismissed without prejudice, the Court does not believe vacating its order to permit Plaintiff to file a response brief out of time is the most efficient remedy. Instead, the Court will permit Plaintiff to file an Amended Complaint to

address any pleading deficiencies. If appropriate, Tekton may then file a motion to dismiss re-urging is statute of limitations arguments.

Accordingly, Plaintiff's Motion to Vacate [Doc. No. 10] is GRANTED in part, as set out above. Plaintiff shall file his Amended Complaint no later than August 20, 2025.

IT IS SO ORDERED this 7th day of August, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE