UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROSCOE GATEWOOD, )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>TEKTON RESEARCH, LLC, and )<br>MINDY SEIDEL, )<br>)<br>      Defendants. ) | Case No. CIV-25-622-R |

### ORDER

Before the Court is Defendant Tekton Research, LLC's Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement [Doc. No. 16]. The motion is fully briefed [Doc. Nos. 17, 18, 19, 21][1] and at issue.

This case concerns allegations that Defendant Mindy Seidel harassed and sexually assaulted Plaintiff while she was employed by Defendant Tekton Research. After removing the case pursuant to 28 U.S.C. §§ 1331 and 1367, Tekton filed a Partial Motion to Dismiss [Doc. No. 3] contending that the dates included in Plaintiff's Petition showed that the

---

[1] Plaintiff filed a response in opposition on October 1, 2025 [Doc. No. 17]. The response brief contained numerous formatting and grammatical errors and included arguments that were not directly responsive to the motion. On October 4, 2025, after the time period to file a response brief had expired, *see* LCvR 7.1(g), Plaintiff filed another response in opposition [Doc. No. 18] containing additional argument regarding Defendant's alternative request for a more definite statement. This brief also contained numerous formatting errors. Later that same day, Plaintiff filed a "first amended" response in opposition [Doc. No. 19]. Plaintiff did not provide any explanation for filing three separate response briefs and did not seek leave of court to file a response out of time or file an amended brief. *See* LCvR 7.1(j). Nevertheless, in the interest of efficiency, the Court declines to strike the improperly filed briefs. Plaintiff's counsel is reminded of her obligation to comply with all procedural and local rules and to submit briefs that are properly formatted.

1

majority of the alleged misconduct was barred by the two-year statute of limitations. After Plaintiff failed to respond, the Court granted Tekton's motion and dismissed without prejudice the claims premised on events occurring outside the applicable limitations period [Doc. No. 9]. Plaintiff then filed a Motion to Vacate [Doc. No. 10] arguing that the failure to respond was excusable neglect and that he could correct the factual deficiencies that resulted in partial dismissal of the claims. The Court declined to vacate its prior order because Plaintiff did not present any coherent argument as to why the legal conclusions were incorrect but permitted Plaintiff an opportunity to file an amended complaint to cure any pleading deficiencies [Doc. No. 12].

Plaintiff submitted his Amended Complaint and Tekton has once again moved for partial dismissal of the claims as time-barred. In its present motion, Tekton re-urges its prior argument that any causes of action accruing prior to May 9, 2023 are barred by the two-year statute of limitations. Tekton additionally notes that the Amended Complaint removed some of the specific date references that were included in the verified petition and Plaintiff should therefore be directed to provide a more definite statement as to the timing of the conduct.

The Amended Complaint alleges that while Plaintiff was a patient in a clinical study administered by Tekton Research, its employee, Mindy Seidel, repeatedly sexually assaulted him and utilized her access to Plaintiff's medical records to obtain his phone number and address. Am. Compl. ¶¶ 8, 11-13, 16-17, 20. Plaintiff alleges that he was "continuously" assaulted throughout the testing period from November 2022 through May 2023 and the "final physical assault took place at some point towards the end of Mindy

2

Seidel's employment period." *Id.* ¶ 17. Plaintiff further alleges that he and Tekton employees "immediately observed" Ms. Seidel "in breach of policy and protocol by inappropriately touching [Plaintiff], spending more time with him than the other subjects, closing her door and not allowed any required witnesses to enter her room." *Id.* at ¶ 16. Tekton allegedly failed to investigate Plaintiff's "numerous complaints" regarding the misconduct. *Id.* ¶¶ 19, 23. Based on these allegations, Plaintiff asserts claims for negligence, negligent hiring/training/retention/supervision, and sexual battery.

Tekton argues that, as with Plaintiff's initial pleading, Plaintiff's allegations establish that the bulk of the events are barred by the statute of limitations.[2] In Oklahoma, a claim based on negligence must be brought within two years after the cause of action shall have accrued and a claim for battery must be brought within one year. *See* Okla. Stat. tit. 12, § 95.[3] The "cause of action accrues when the injury occurs" or, put another way, "when the litigant first could have maintained an action to successful conclusion." *Calvert v. Swinford*, 382 P.3d 1028, 1033, n.1 (Okla. 2016). "However, Oklahoma also follows the discovery rule allowing limitations in certain tort cases to be tolled until the injured party knows or, in the exercise of reasonable diligence, should have known of the injury." *Id.*

---

[2] "A statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Sierra Club v. Oklahoma Gas & Elec. Co.*, 816 F.3d 666, 671 (10th Cir. 2016) (internal quotation marks and brackets omitted).

[3] Plaintiff does not dispute that these limitations periods apply to his claims.

Plaintiff initiated this action on May 9, 2025. His Amended Complaint alleges that he was harassed and assaulted from November 2022 through May 2023 and that the final assault occurred at the end of Defendant Siedel's employment period. Plaintiff has not presented any persuasive argument or authority that would cause this Court to depart from its prior conclusion that, to the extent Plaintiff's negligence claims are based on events occurring prior to May 9, 2023, they are barred by the two-year statute of limitations.[4] The Amended Complaint includes dates indicating that much, if not all, of the misconduct occurred more than two years before Plaintiff initiated his lawsuit.

To avoid this conclusion, Plaintiff invokes the discovery rule and argues, in a somewhat perfunctory manner, that the claim did not accrue until later because Tekton was concealing its misuse of private health information and its reporting failures. The Amended Complaint alleges that Plaintiff made numerous reports regarding the misconduct and was aware that other Tekton employees observed Defendant Seidel's behavior. Although the Amended Complaint states that Tekton failed to adequately investigate and respond to Plaintiff's reports, it does not allege that Tekton attempted to actively conceal the misconduct. Plaintiff was aware that he had been harassed or assaulted and he was also aware that Tekton's response to his numerous reports was deficient. Thus, the allegations show that Plaintiff knew, or in the exercise of reasonable diligence, should have known of his injury and its general cause at the time the assaults occurred or when Tekton failed to respond to his reports of misconduct. Plaintiff has not adequately pleaded any basis for

---

[4] Similarly, the battery claim is time barred to the extent it is based on events occurring outside the applicable one-year limitations period.

tolling the statute of limitations. *See Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 (10th Cir. 1980) ("[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished, the plaintiff has the burden of establishing a factual basis for tolling the statute.").

Tekton makes much of the fact that Plaintiff's initial petition identified the date of the final sexual assault as occurring on or about May 19, 2023 but the Amended Complaint now alleges that the assaults occurred through May 2023 with the final assault at the end of Defendant Seidel's employment period. Tekton implies that Plaintiff has deliberately removed his more precise allegations in an attempt to plead around the statute of limitations, particularly given Tekton's assertion that Seidel's employment with Tekton ended in April 2023 and Plaintiff's allegation that an assault occurred in May is therefore factually impossible.[5] Plaintiff has consistently alleged that at least some of the misconduct occurred in May 2023 and, at this stage of the proceedings, those factual allegations must be taken as true. Because Plaintiff has plausibly alleged that some of the misconduct may have occurred within the two-year statute of limitations for a negligence action, dismissal of any claims premised on that misconduct is not warranted at this stage.

In response to Plaintiff's removal of certain dates from his Amended Complaint, Tekton seeks a more definite statement pursuant to Rule 12(e). This rule provides that a party may move for a more definite statement if the pleading "is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Motions under

---

[5] Contrary to Plaintiff's position, Tekton has not relied on factual material outside the pleadings in moving for dismissal.

Rule 12(e) "are generally disfavored in light of liberal discovery available under the federal rules and are granted only when a party is unable to determine the issues requiring a response." *Advantage Homebuilding, LLC v. Assurance Com. of Am.*, No. CIV.A. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. Mar. 5, 2004). "[T]he standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id.* The mere fact that the pleading lacks detail is not sufficient. *Id.*

The Amended Complaint's allegations give Tekton adequate notice of the claims against it and the grounds upon which they rest. The specific details Tekton seeks are more appropriately explored during discovery and a more definite statement is not warranted at this time.[6]

Accordingly, as set out above, Defendant Tekton Research, LLC's Motion for Partial Dismissal for Failure to State a Claim and Motion for a More Definite Statement [Doc. No. 16] is GRANTED in part. Plaintiff's claims based on events occurring prior to May 9, 2023

---

[6] Given the procedural history of the case and Plaintiff's removal of previously verified dates, the Court finds it necessary to remind Plaintiff's counsel that by presenting a pleading or motion to the Court, she is certifying "that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances…the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery…." Fed. R. Civ. P. 11(b)(3). Plaintiff's counsel is further cautioned that engaging in dilatory tactics, needlessly filing multiple motions or briefs, or asserting factual contentions without conducting a reasonable inquiry may result in sanctions, including the imposition of attorney's fees. *See* 28 U.S.C. § 1927; *Chambers v. NASCO, Inc.*, 501 U.S. 32, 34 (1991).

are dismissed. Tekton's request for a more definite statement is denied. Plaintiff's request for attorney's fees contained in her third response in opposition is denied.

    IT IS SO ORDERED this 15th day of October, 2025.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE